**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BERNARD YOUNG,

        Petitioner,

v.                              CASE NO. 97-CV-70830-DT
                                 HONORABLE PAUL D. BORMAN
JIMMY STEGALL,           UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. INTRODUCTION**

       Before the Court is petitioner's motion to file a supplemental petition for writ of habeas corpus under 28 U.S.C. § 2254 [Court Docket Entry # 36]. Petitioner has previously filed a petition for a writ of habeas corpus challenging his 1989 convictions out of the Detroit Recorder's Court for first-degree criminal sexual conduct. On December 11, 1997, Magistrate Judge Thomas A. Carlson issued a Report and Recommendation that the petition should be dismissed because petitioner had shown no violation of his constitutional rights. On January 28, this Court adopted the Report and Recommendation and issued an order dismissing the petition. *Young v. Stegall*, U.S.D.C. 97-CV-70830 (E.D. Mich. January 28, 1998). The Sixth Circuit subsequently dismissed petitioner's appeal. *Young v. Stegall*, U.S.C.A. No. 98-1350 (6th Cir. June 19, 1998).

       Petitioner has now filed the instant motion to file a supplemental petition for writ of habeas corpus, in which he again seeks to challenge his 1989 convictions for first-degree

1

criminal sexual conduct. For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

**II. DISCUSSION**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because petitioner filed his successive habeas application after the effective date of the AEDPA. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664

2

(1996).

In the present case, petitioner has previously filed a habeas petition with the federal courts. Petitioner's supplemental habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 29, 2007.

                                                     s/Denise Goodine  
                                                     Case Manager